**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date: July 9, 2015

Courtroom Deputy: Kathleen Finney
Court Reporter: Tracy Weir
Probation Officer: Justine Kozak
Interpreter: Dave Roberts

**Criminal Action No.   13-cr-00492-REB-1**

*Parties:*                                                                   *Counsel:*

UNITED STATES OF AMERICA,                        Bradley Giles

     Plaintiff,

v.

1.  HECTOR DIAZ,                                                    Abraham Hutt
     a/k/a Hector Diaz-Martinez,
     a/k/a Hector Josue Diaz-
     Martinez,
     a/k/a Hector J. Diaz-Martinez,

     Defendant.

**SENTENCING MINUTES**

**2:59 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Interpreter: government and defendant stipulate as to interpreter's qualifications; interpreter sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has

conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Also pending and relevant to this hearing are the following papers:
- the **Government's Motion for Downward Departure** [#222] filed May 11, 2015;
- the **Government's Rule 48 Motion to Dismiss Counts 1, 3 and 4 of the Superseding Criminal Indictment (Ecf No. 71) as to Defendant Hector Diaz** [#223] filed May 11, 2015;
- the **Government's Notice of No Objection to Pre-sentence Report** [#224] filed May 11, 2015;
- the **Defendant Hector Diaz-Martinez' Motion for Downward Departure** [#227] filed May 18, 2015;
- the **Government's Objection to Defendant Hector Diaz-Martinez' Motion for Downward Departure** [#230] filed May 22, 2015; and
- the **Defendant Hector Diaz-Martinez' Supplement to Motion for Downward Departure** [#240] filed July 2, 2015.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:
    - the **Government's Motion for Downward Departure** [#222] is **GRANTED**;
    - the **Government's Rule 48 Motion to Dismiss Counts 1, 3 and 4 of the Superseding Criminal Indictment (ECF No. 71) as to Defendant Hector Diaz** [#223] is **GRANTED**;

- the **Defendant Hector Diaz-Martinez' Motion for Downward Departure** [#227] as supplemented by [#240] is **DENIED** as moot, except for the portion which will facilitate the defendant's expedited removal from this country;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count Two of the Superseding Indictment and Count One of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **time served**;

5. That immediately, the defendant shall be placed on supervised release for a term of **three (3) years** on each count to be served concurrently;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that once the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland

        Security;

- that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

- that commencing immediately, he shall cooperate with ICE to effect his expedited removal, deportation, from this country to his home country of Columbia; and he shall complete a verification of deportation or removal and shall report when and where as required by ICE to effectuate this expedited removal or deportation of this country;

7. That the defendant shall make and pay a fine of $5,000 as ordered and required by the court;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00; and

9. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c).

**3:54 p.m.      Court in recess.**

Total time in court: 00:55

Hearing concluded.